IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DITRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2008 MAR -5  A 10: 42

| | |
|---|---|
| EVELYN FREEMAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 1:08-CV-154-SRW |
| | ) |
| STERLING JEWELERS, INC., A | ) |
| CORPORATION, OTHERWISE | ) |
| IDENTIFIED AS KAY JEWELERS, | ) |
| LOCATION NUMBER 271, DOTHAN) | |
| ALABAMA, AMY GOLDEN, | ) |
| ROBYNEE KNEW, JOHN DOE, | ) |
| RICHARD ROE, et al., | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1367 defendants Sterling Jewelers, Inc.

("Sterling"), Amy Golden, and Robynee Knew (collectively "defendants") hereby

remove Civil Action No. CV-2008-041-A from Houston County, Alabama on the

following grounds:

### I.    SERVICE AND TIMELINESS OF REMOVAL

1.    Plaintiff filed the present action on January 25, 2008 in the Circuit Court of

Houston County, Alabama (Civil Action No. CV-2008-041 A) against defendants.

2.    Defendant Amy Golden was served with the summons and Complaint on or

about February 4, 2008.[1]    A copy of all process, pleadings and papers served on

Defendant Golden in the state court action are attached hereto as Exhibit 1, including the

---

[1] As of the date of this Notice of Removal, the court record reflects that no other defendants have been served. However, by joining in this Notice of Removal, defendants Sterling Jewelers, Inc. and Robynee Knew, through the undersigned counsel, hereby waive service of the Complaint attached hereto as Exhibit 1 and appear in this action.

Summons and Complaint, and incorporated herein by reference.[2]  See 28 U.S.C. § 1446(a).  Defendants have not pled, answered or otherwise appeared in the state court action.

3.     This Complaint constitutes a civil action within the meaning of the Acts of Congress governing the removal of cases from a state court to a federal district court.

4.     This Notice of Removal is timely because it is filed within thirty (30) days after service of plaintiff's Complaint as required by 28 U.S.C. § 1446(b).  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 357-59 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint . . . .").

5.     This Notice of Removal is filed within the district and division in which the state court action is pending.  See 28 U.S.C. § 1446(a).

6.     In accordance with 28 U.S.C. § 1441, Defendants give notice of removal of this action from the Circuit Court of Houston County, Alabama to the United States District Court of the Middle District of Alabama, Southern Division.  A copy of this Notice is attached hereto as Exhibit 2.

7.     Pursuant to 28 U.S.C. § 1446(d), Defendants have served its Notice of Removal on all parties by U.S. Mail, and Defendants have filed by U.S. Mail this Notice with the Clerk of the Circuit Court of Houston County, Alabama.

8.     All named defendants consent to the removal of this case.

---

[2] The attached Summons is that which reflects attempted service on Defendant Knew.

## II.    PLAINTIFF'S COMPLAINT PRESENTS A FEDERAL QUESTION

9.    Plaintiff's Complaint is a civil action that is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b)    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . . .

10.    This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331, which provides in pertinent part:

> (a)    The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

11.    Plaintiff Evelyn Freeman is a former employee of Sterling Jewelers. In her Complaint, Plaintiff alleges a claim for severance pay under an employer sponsored and administrated plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1) . See Complaint, Count I.

12.    Plaintiff's claim is properly removable to this Court pursuant to 28 U.S.C. § 1441(b) because it clearly alleges a claim arising under the laws of the United States—

specifically 29 U.S.C. § 1132(a).  Furthermore, ERISA specifically confers jurisdiction on this Court to hear such claims.  See 29 U.S.C. § 1132(e).

13.    In addition to her ERISA claim, Plaintiff also alleges claims for age discrimination, intentional interference with a business relationship, invasion of privacy, and outrage under Alabama law.  See Complaint, Counts II-V.

14.    Pursuant to 28 U.S.C. §1367(a), this Court also has original jurisdiction over Plaintiff's state law claims.  28 U.S.C. §1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

15.    Here, all of Plaintiff's claims form a part of the "same case or controversy" as they all stem from her employment and subsequent termination from Sterling.  Consequently, removal of plaintiff's claims stated in the remainder of her Complaint are also proper.

WHEREFORE, Defendants respectfully request that the United States District Court for the Middle District of Alabama, Southern Division, accept the removal of this action from the state court and direct that the Circuit Court of Houston County, Alabama have no further jurisdiction of this matter unless and until this case is remanded.

_Mieke A. Hemstreet (ASB-9100-I69H)_
JACKSON LEWIS LLP
First Commercial Bank Building
800 Shades Creek Parkway
Suite 870
Birmingham, Alabama  35209
Telephone:     205-332-3115
Facsimile:     205-332-3131
e-mail:          hemstrem@jacksonlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by U.S. Mail on this the 4th day of March, 2008 to the following counsel of record:

John E. Byrd, Esq.
Joseph W. Lewis, Esq.
P.O. Box 536
Dothan, Alabama  36302
***Attorneys for Plaintiff, Evelyn Freeman***

Of Counsel

5

# EXHIBIT 1

AVSO350

ALABAMA JUDICIAL DATA CENTER
HOUSTON          COUNTY
SUMMONS

CV 2008 000041.00
LARRY K ANDERSON

------------------------------------------------------------------------

IN THE CIRCUIT  COURT OF  HOUSTON          COUNTY

EVELYN FREEMAN VS STERLING JEWELERS ET AL,AMY GOLDEN,ROBYNNE KNEW,ET A

SERVE ON: (D003)

SSN: 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                    PLAINTIFF'S ATTORNEY

KNEW ROBYNNE                        BYRD JOHN E
2018 GLANTON STREET                 P O BOX 536

DOTHAN        ,AL 36303-0000        DOTHAN          ,AL 36302-0000

------------------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

------------------------------------------------------------------------

( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
     4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE,
     YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
     COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
     WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
     OF THE ALABAMA RULES OF CIVIL PROCEDURE.

                                    Carla Woodall, Clerk
DATE: 01/30/2008              CLERK:CARLA WOODALL
                                    114 NORTH OATES STREET
                                    DOTHAN  AL  36302
                                    (334)677-4859

------------------------------------------------------------------------

       RETURN ON SERVICE:

THIS WRIT RETURNED "NOT FOUND IN
HOUSTON COUNTY" THIS 2/31/08
FOR THE FOLLOWING REASON(S):
☐ PAST DATE
☒ MOVED
☐ NO SUCH ADDRESS
☐ INSUFFICIENT ADDRESS
☐ NOT EMPLOYED
☐ OTHER

BY _____

ANDY R. HUGHES, SHERIFF        D.S/C.D.S.

# IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

EVELYN FREEMAN,  )
                 )
    PLAINTIFF,  )
                 )
                 )CIVIL ACTION NO.: CV-2003-041 A
VS.              )
                 )
STERLING JEWELERS, INC., A  )
CORPORATION, OTHERWISE  )
IDENTIFIED AS KAY JEWELERS,  )
LOCATION NUMBER 271, DOTHAN)
ALABAMA, AMY GOLDEN,  )
ROBYNNE KNEW, JOHN DOE,  )
RICHARD ROE, THE D, E, F  )
PARTNERSHIPS,  )
AND THE X, Y, Z  )
CORPORATIONS,  )
BEING THE PERSONS, PART-  )
NERSHIPS, CORPORATIONS  )
OR ASSOCIATIONS WHO  )
COMMITTED THE ACTS IN  )
VIOLATION OF THE  )
EMPLOYEE RETIREMENT  )
INCOME SECURITY ACT, 29  )
U.S.C.A. SECTION 1132(A)(1)(B), )
ET SEQ; THE ALABAMA  )
AGE DISCRIMINATION  )
STATUTE, CODE OF ALABAMA  )
(1975) SECTIONS 25-1-20, ET  )
SEQ; AND THE ACTS OF INTENT-  )
IONAL INTERFERENCE WITH A  )
BUSINESS RELATION, IN-  )
VASION OF PRIVACY, OUT-  )
RAGE AND CONSPIRACY  )
ALL ALLEGED HEREIN,  )
AND WHO OTHERWISE COM-  )
MITTED THE ACTS REFERRED TO  )
HEREIN AGAINST THE  )
PLAINTIFF ON THE  )

OCCASIONS MADE THE                )
BASIS OF THIS LAWSUIT, OR          )
AT OTHER TIMES, ALL OF             )
WHOSE TRUE NAMES AND               )
IDENTITIES ARE OTHERWISE           )
UNKNOWN TO PLAINTIFF AT            )
THIS TIME, BUT WILL BE ADDED       )
BY AMENDMENT WHEN                  )
ASCERTAINED,                       )
                                   )
DEFENDANTS.                        )

## COMPLAINT

1.    Plaintiff, Evelyn Freeman, is a resident citizen of Dothan, Houston County Alabama, presently residing at 106 Long Leaf Drive, Dothan, Alabama 36303.

2.    Defendant, Sterling Jewelers, Inc., otherwise identified as Kay Jewelers, Location #271, Dothan, Alabama, is a corporation qualified to do business in the State of Alabama with its registered agent being The Corporation Company, 60 Commerce Street, Montgomery, Alabama 36103.

3.    Defendant, Amy Golden, is a resident citizen of Dothan, Houston County, Alabama, over the age of eighteen (18) years.

4.    Defendant, Robynne Knew, is a resident citizen of Dothan, Houston County, Alabama, over the age of eighteen (18) years.

5.    The unknown or fictitious Defendants named herein are those

2

persons, partnerships, corporations or associations who committed the acts in violation of the Employee Retirement Income Security Act, Title 29 U.S.C.A. §§ 1132(a)(1)(B), et seq.; the Alabama Age Discrimination Statute, Code of Alabama 1975, §§ 25-1-20, et seq; the acts of Intentional Interference with a Business Relation; Invasion of Privacy; Conspiracy; and Outrage all alleged herein, and who otherwise committed the acts referred to herein against the Plaintiff on the occasions made the basis of this lawsuit, or at other times, all of whose true names and identities are otherwise unknown to the Plaintiff at this time, but will be added by amendment when ascertained.

## **COUNT ONE**

6.     Plaintiff realleges and incorporates paragraphs one (1) through five (5) as if restated in full herein.

7.     This count against Defendant, Sterling Jewelers, Inc., is brought to recover damages pursuant to the Employee Retirement Income Security Act, Title 29 U.S.C.A. §§ 1132(a)(1)(B), et seq. damages are in excess of $75,000.00.

8.     Jurisdiction is conferred on this Court by the Employee Retirement Income Security Act, Title 29 U.S.C.A. § 1132(e)(1).

9.     While employed by Defendant, Sterling Jewelers, Inc., in

3

Dothan, Alabama, Plaintiff was eligible for severance benefits under a plan sponsored by Defendant, Sterling Jewelers, Inc., as administrator of said plan and insurer of said benefits.

10.   Defendant, Sterling Jewelers, Inc., has denied Plaintiff the severance benefits due her under the plan, and has refused to pay Plaintiff these benefits since Plaintiff became eligible to receive said benefits.

11.   Defendant, Sterling Jewelers, Inc.'s, denial of Plaintiff's benefits was arbitrary and capricious.

12.   Plaintiff avers that she has exhausted all administrative remedies short of binding arbitration; and Plaintiff further avers that she has never contracted with Defendant, Sterling Jewelers, Inc., to arbitrate any disputes which could entitle her to legal or equitable relief.

13.   Plaintiff is entitled to *de novo* review of the decision to deny her severance benefits, unless the severance benefits plan referred to herein above contains express language granting the plan administrator discretion to determine all questions of coverage or eligibility.

14.   If said plan has express language granting the plan administrator discretion, Plaintiff is entitled to a heightened arbitrary and capricious standard of review, due to Defendant's Sterling Jewelers

4

inherent conflict of interest as administrator and insurer of the plan.

15.    Defendant Sterling Jewelers, Inc.'s denial of Plaintiff's severance benefits entitles the Plaintiff to relief pursuant to Section 1132 (a)(1)(B), et seq. of the Employee Retirement Income Security Act.

WHEREFORE, Plaintiff prays for appropriate equitable relief, compensatory damages, attorney's fees and costs.

## COUNT TWO

16.    Plaintiff realleges and incorporates paragraphs one (1) through fifteen (15) as if restated in full herein.

17.    This count against Defendant, Sterling Jewelers, Inc., is brought pursuant to the Alabama Age Discrimination Statute, Code of Alabama (1975), §§ 25-1-20, et seq.

18.    Plaintiff was employed by Defendant, Sterling Jewelers, Inc., in Dothan, Alabama from 1997 through 2006.

19.    On or about October 31, 2006, Defendant terminated Plaintiff's employment.  At the time, Plaintiff was 61 years of age.

20.    Defendant's termination of Plaintiff's employment was an unlawful employment practice in that it was a specific violation of § 25-1-22, Code of Alabama (1975), which prohibits an employer from discharging an employee because of the employee's age.

5

21.   As a proximate consequence of Defendant's termination of her employment, Plaintiff was caused to suffer the following injuries and damages:

> loss of earnings; loss of severance pay; loss of retirement benefits; mental anguish; travel expenses; attorney's fees; and other incidental and consequential damages.

WHEREFORE, the premises considered, Plaintiff prays for compensatory and punitive damages in an amount to be determined by the trier of fact, and costs.

## COUNT THREE

22.   Plaintiff realleges and incorporates paragraphs one (1) through twenty-one (21) as if restated in full herein.

23.   On several occasions in 2006, during the term of Plaintiff's employment with Defendant, Sterling Jewelers Inc., Defendants, Amy Golden and Robynne Knew made false representations to Defendant Sterling Jewelers Inc., concerning the Plaintiff.  Specifically, Defendant Golden told Sterling that Plaintiff had told potential employees of Sterling during the interview process that Golden was promiscuous.  Defendant Knew told Sterling that Plaintiff, in her capacity as a store manager over Knew, had cut Knew's working hours in a retaliatory manner.

6

24. At the time Defendants, Golden and Knew, made the misrepresentations referred to in paragraph twenty-three (23) herein above, a business relationship existed between the Plaintiff and Defendant, Sterling Jewelers Inc. Specifically, Plaintiff was employed as a store manager for Defendant Sterling Jewelers Inc.'s, Dothan, Alabama store #271.

25. At the time Defendant, Golden and Knew, made said misrepresentations, they knew of the existence of said business relationship.

26. Said representations constituted an intentional interference by Defendants, Golden and Knew, with said business relationship.

27. Said representations were false.

28. Said representations were wanton and malicious.

29. Said representations were made with knowledge of their falsity, or with reckless disregard thereof.

30. Defendant Sterling Jewelers, Inc. Defendant, Amy Golden, and Defendant Robynne Knew have contrived, combined, federated and conspired among themselves to do the acts described in this count.

31. As a proximate consequence of Defendant, Golden's and Defendant Knew's, intentional interference with said business

7

relationship, and the conspiracy of Defendant Sterling Jeweler's, Inc., with Defendants Golden and Knew, to effect that unlawful act, Plaintiff was caused to suffer the following injuries and damages:

> loss of earnings; loss of severance pay; loss of retirement benefits; mental anguish; travel expenses; attorney's fees; and other incidental and consequential damages.

WHEREFORE, the premises considered, Plaintiff prays for compensatory and punitive damages in an amount to be determined by the trier of fact, and costs.

## COUNT FOUR

32.  Plaintiff realleges and incorporates paragraphs one (1) through thirty-one (31) as if restated in full herein.

33.  On several occasions in 2006, during the term of Plaintiff's employment with Defendant, Sterling Jewelers Inc., Defendants, Amy Golden and Robynne Knew made false representations to Defendant Sterling Jewelers Inc., concerning the Plaintiff. Specifically, Defendant Golden told Sterling that Plaintiff had told potential employees of Sterling during the interview process that Golden was promiscuous. Defendant Knew told Sterling that Plaintiff, in her capacity as a store manager over Knew, had cut Knew's working hours in a retaliatory manner.

8

34.   The conduct of Defendant Golden and Defendant Knew in making said misrepresentations constitutes a wrongful intrusion and invasion of Plaintiff's privacy.

35.   Defendant Sterling Jewelers, Inc. Defendant, Amy Golden, and Defendant Robyn Knew have contrived, combined, federated and conspired among themselves to do the acts described in this count.

36.   As a proximate consequence of said wrongful intrusion and invasion of privacy, and the conspiracy of Defendant Sterling Jeweler's, Inc., with Defendants Golden and Knew, to effect that unlawful act, Plaintiff has been caused to suffer the following injuries and damages:

> loss of earnings; loss of severance pay; loss of retirement benefits; mental anguish; travel expenses; attorney's fees; and other incidental and consequential damages.

WHEREFORE, the premises considered, Plaintiff prays for compensatory and punitive damages in an amount to be determined by the trier of fact, and costs.

## COUNT FIVE

37.   Plaintiff realleges and incorporates paragraphs one (1) through thirty-six (36) as if restated in full herein.

38.   During the term of Plaintiff's employment by Defendant

9

Sterling Jeweler's Inc., in 2006, on numerous occasions, Defendant Golden and Defendant Knew intentionally or recklessly caused Plaintiff to suffer emotional distress by making false representations to Defendant Sterling. Specifically, Defendant Golden told Sterling that Plaintiff had stated to potential employees during the interview process that Golden was promiscuous. Defendant Knew told Sterling that Plaintiff had had in her capacity as a store manager, cut Knew's work hours in a retaliatory manner. Said representations by Defendants Golden and Knew were false, and were made intentionally in an effort to cost Plaintiff her job.

39. Defendant Golden's and Defendant Knew's said actions towards the Plaintiff were so outrageous in character, and were so extreme in degree as to go beyond all possible bounds of decency, and were atrocious and utterly intolerable in a civilized society.

40. The emotional distress that Defendant Golden and Defendant Knew caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure.

41. Defendant Sterling Jewelers, Inc. Defendant, Amy Golden, and Defendant Robyn Knew have contrived, combined, federated and conspired among themselves to do the acts described in this count.

42. As a proximate consequence of Defendant Golden's and

10

Defendant Knew's outrageous conduct, and the conspiracy of Defendant

Sterling Jeweler's, Inc., with Defendants Golden and Knew, to effect that

unlawful act, Plaintiff has been caused to suffer the following injuries and

damages:

> loss of earnings; loss of severance pay; loss of
> retirement benefits; mental anguish; travel
> expenses; attorney's fees; and other incidental
> and consequential damages.

WHEREFORE, the premises considered, Plaintiff prays for

compensatory and punitive damages in an amount to be determined by

a trier of fact, and costs.

Respectfully submitted this the _25th_ day of _January_,

2008.

JOHN E. BYRD (BYR 005)
JOSEPH W. LEWIS (LEW 048)
Attorneys for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 fax

## JURY DEMAND

Plaintiffs demand a trial by struck jury as to all counts contained in

11

the foregoing complaint.

JOHN E. BYRD (BYR 005)
JOSEPH W. LEWIS (LEW048)
Attorneys for Plaintiff

**Serve Defendants at:**

**Sterling Jewelers, Inc.**
**Registered Agent**
**The Corporation Company**
**60 Commerce Street**
**Montgomery, Alabama 36103**

**Robynne Knew**
**2018 Glanton Street**
**Dothan, Alabama 36303**

**Amy Golden**
**6645 County Road 28**
**Slocomb, Alabama 36375**

12

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br><br>C V ☐ 2 0 0 8 ☐ 0 4 1 ☐ A ☐ ☐<br>Date of Filing:          Judge Code:<br>☐☐ ☐☐ ☐☐☐☐     ☐☐☐☐☐<br>Month  Day  Year |
|---|---|---|

### GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ HOUSTON _____, ALABAMA
*(Name of County)*

EVELYN FREEMAN _____ v. STERLING JEWELERS, INC., ET AL.,

**Plaintiff**                                                                 **Defendant**

First Plaintiff  ☐ Business   ☒ Individual        First Defendant  ☒ Business   ☐ Individual
☐ Government   ☐ Other                                                ☐ Government  ☐ Other

---

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☒ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN** (check one):  F ☒ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER: _____

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☒ YES  ☐ NO

Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

ATTORNEY CODE:
L E W 0 4 8       January 25, 2008 _____
Date                    Signature of Attorney/Party filing this form

---

MEDIATION REQUESTED:    ☐ YES   ☐ NO   ☒ UNDECIDED

# EXHIBIT 2

# IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **EVELYN FREEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CV2008-041 A** |
| | ) | |
| **STERLING JEWELERS, INC., A** | ) | |
| **CORPORATION, OTHERWISE** | ) | |
| **IDENTIFIED AS KAY JEWELERS,** | ) | |
| **LOCATION NUMBER 271, DOTHAN** | ) | |
| **ALABAMA, AMY GOLDEN,** | ) | |
| **ROBYNEE KNEW, JOHN DOE,** | ) | |
| **RICHARD ROE, et al.,** | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Circuit Court of Houston County, Alabama
     P.O. Drawer 6406
     Dothan, Alabama  36302-6406

Please take notice that defendant filed its Notice of Removal, a copy of which is attached hereto, in the office of the Clerk of the United States District Court for the Middle District of Alabama, Southern Division, on March 5, 2008.

Mieke A. Hemstreet (ASB-9100-I69H)
JACKSON LEWIS LLP
First Commercial Bank Building
800 Shades Creek Parkway
Suite 870
Birmingham, Alabama  35209
Telephone:  205-332-3115
Facsimile:  205-332-3131
e-mail:       hemstrem@jacksonlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by U.S. Mail on this the 4th day of March, 2008 to the following counsel of record:

John E. Byrd, Esq.
Joseph W. Lewis, Esq.
P.O. Box 536
Dothan, Alabama 36302
*Attorneys for Plaintiff, Evelyn Freeman*

_____
Of Counsel

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004179
Cashier ID: brobinso
Transaction Date: 03/05/2008
Payer Name: JACKSON LEWIS
------------------------------------
CIVIL FILING FEE
 For: JACKSON LEWIS
 Case/Party: D-ALM-1-08-CV-000154-001
 Amount:       $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1129
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

FREEMAN V. STERLING JEWELERS