IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVELYN FREEMAN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE 1:08-CV-154-SRW |
| | ) |
| STERLING JEWELERS, INC. | ) |
| ET AL. | ) |
| | ) |
| DEFENDANTS. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL UTILIZATION OF THE RESOLVE PROGRAM WHICH INVOLVES BINDING ARBITRATION AND INCORPORATED MEMORANDUM OF LAW

The Court should deny Defendants' motion to stay proceedings and, in effect, compel arbitration because Defendants are unable to carry the burden imposed upon them by Alabama law of proving the existence of a contract calling for arbitration. Moreover, in light of the applicable case law, the record affirmatively indicates that no valid agreement to arbitrate exists in this case.

"The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration...". Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260 (Ala. 1995). "After a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in

question." Allied-Bruce Terminex Cos. v. Dobson, 684 So.2d 102 (Ala. 1995).

Defendants make no allegation that the Plaintiff, Evelyn Freeman, ever signed any agreement to arbitrate any matters with them. Instead, Defendants rely on the existence of a company policy called RESOLVE, which was implemented in 1998, subsequent to the time Ms. Freeman became employed by the Defendant, Sterling Jeweler's Inc. (Sterling). (Defendants' Motion to Stay Pleadings and Compel Utilization of Resolve Program Which Involves Binding Arbitration and Incorporated Memorandum of Law ("Defendants' Memo")). Defendants claim that since the existence of this policy was made known to Ms. Freeman, and that she was provided with a company produced brochure describing the RESOLVE program, there exists a binding contract obligating Ms. Freeman to arbitrate the claims she has brought against Defendants in this lawsuit. Id., at pp. 9-13.

There is nothing in the documentation submitted by Defendants in support of their argument (at least nothing legible in the copies they supplied to the undersigned counsel) sufficient to create an implied contract under Alabama law compelling Ms. Freeman to arbitrate her claims.

Although Defendants concede that Alabama contract law controls in this case, they rely principally on an 11th Circuit case from Georgia, Caley v. Gulfstream Aerospace Corporation, 428 F. 3d 1359 (11th Cir. 2005). Id., at pp. 9-10. The only

Alabama law cited by Defendants with regard to the issue of arbitration is <u>Baptist Health System, Inc., v. Mack</u>, 860 So. 2d 1265 (Ala. 2003), and this citation is in a footnote. Id., at p. 10 fn.2. Defendants claim that the law set forth in <u>Caley</u> and <u>Baptist Health System</u> support the existence of a binding agreement to arbitrate in this case, apparently because in those cases there was no signed agreement to arbitrate, and the respective employers simply made known to their employees that arbitration would be required to cover certain disputes. Id., at pp. 10-11.

It is revealing that Defendants do not delve into the basis in Alabama law for finding the existence of a binding contract between employers and employees in the absence of a signed agreement, nor do they recite the very specific criteria for such. More recent Alabama cases where an employer/employee contract has been found without a signed agreement are descended from <u>Hoffman-LaRoche, Inc. v. Campbell</u>, 512 So. 2d 725 (Ala. 1987). In the <u>Hoffman</u> case the Alabama Supreme Court set forth three requirements for the existence of such a contract:

> (1) that there was a clear and unequivocal offer of lifetime employment of a definite duration, <u>Bates v. Jim Walter Resources, Inc.</u> 418 2d 903 (Ala. 1982); (2) that the hiring agent had authority to bind the principal to a permanent employment contract, <u>Alabama Mills, Inc. v. Smith</u>, 237 Ala. 296, 186 So. 699 (1939); and (3) that the employee provided substantial consideration for the contract separate from the services to be rendered, <u>United Security Life Inc. Co. v. Gregory, 281 Ala.</u> 264, 201 So. 2d 853 (1967).

3

Hoffman, at 727.

The Hoffman court, in its discussion of the contractual principles underlying its decision, quoted the following from a Minnesota Supreme Court case: "An employer's general statements of policy are no more than that and do not meet the contractual requirements for an offer". Hoffman, at 731 (quoting Pine River State Bank v. Mettille, 333 N.W. 2d 622 (Minn. 1983)). The Hoffman Court further noted that, "[w]e find the unilateral contract analysis set out in Pine River to be both consistent with sound traditional contract principles and in accord with existing Alabama case law. Hoffman, at 731.

The evidence presented by Defendants in their exhibits provided in support of their motion that purports to create a binding contract in this case are certainly no more than "general statements of policy". The following statements are the only discernable references in any of Defendants' exhibits which could conceivably purport to create a contract : "All employees are required to use the program to resolve applicable disputes". (Exhibit B to Defendants' Memo, at p. 14 of 65); " The program is applicable to current and future employees." (Exhibit B to Defendants' Memo, at p. 22 of 65); and "This is a mandatory and binding program." (Id., at p. 34 of 65). Undersigned counsel could find nothing more specific or voluminous in this regard in the materials served by Defendants in support of their pending motion.

These cursory statements of policy stand in sharp contrast to the exceedingly specific terms which appear in materials provided to employees in the very cases Defendants cite in support of their argument.

The Caley court quoted the following provision of the Dispute Resolution Policy (DRP) under scrutiny in that case:

> **Acceptance/No Change in Terms of Employment**
> *The submission of an application, acceptance of employment or the continuation of employment by an individual shall be deemed to be acceptance of the DRP. No signature shall be required for the policy to be applicable. The mutual obligations set forth in this DRP shall constitute a contract between the Employee and the Company but shall not change an Employee's at - will relationship or any term of any other contract or agreement between the Company and Employee. This Policy shall constitute the entire agreement between the Employee and Company for the resolution of Covered Claims.*

Caley, *supra* at 1364 (emphasis added).

Similarly, the Alabama Supreme Court in Baptist Health System exerpted the relevant portion of the Dispute Resolution Program (the "Program") at issue in that case: *"The Program is binding on all employees. This means that your decision to accept employment or continue employment after receiving notice of this Program means that you have agreed to and are bound by the terms of this Program. If you remain employed or accept employment, this document constitutes a binding*

5

*contract between you and BHS."* Baptist Health System, at 1267 (emphasis added).

The vigorous specificity of the resolution programs in Casey and Baptist Health System when compared with the tepid policy statement in Defendant Sterling's RESOLVE program virtually define what the Hoffman court intended by "clear and unequivocal offer." The language in the RESOLVE program documents is clearly not sufficient to create a binding contract under Alabama law. It is, of course, very well established Alabama law that a party cannot be forced to arbitrate matters that party has not agreed to arbitrate. Capital Inv. Group, Inc. v. Woodson, 694 So.2d 1268 (Ala. 1997).

Defendants also argue that Ms. Freeman's participation in steps 1 and 2 of the RESOLVE program evidence her intention to be bound to arbitrate. (Defendants' Memo, at pp. 11-12). Her participation is in fact evidence of nothing more than Ms. Freeman's attempts to settle her claims short of litigation. Absent a binding contract, these "steps" are simply the process, chosen unilaterally by Defendant Sterling, by which Sterling wishes to initially settle disputes with its employees. That Sterling "invested significant time and financial resources in having Plaintiff's claims investigated", and gathered a panel of employees in Akron, Ohio "at Sterling's expense" were acts strictly of Sterling's own volition, as it was also an act of Sterling's own volition not to infuse its RESOLVE program documents with clear,

rigorous evidence of its intent that its employees be bound to arbitrate disputes such as Ms. Freeman's.

The Court should deny Defendants' motion to stay proceedings and, in effect, compel arbitration because Defendants are unable to carry the burden imposed upon them by Alabama law of proving the existence of a contract calling for arbitration. Moreover, in light of the applicable case law, the record affirmatively indicates that no valid agreement to arbitrate exists in this case. Accordingly, since Alabama law clearly provides that a party cannot be compelled to arbitrate any issues it has not agreed to arbitrate, Plaintiff, Evelyn Freeman respectfully prays this Court would deny Defendants' Motion to Stay Proceedings and Compel Utilization of the Resolve Program with Involves Binding Arbitration and Incorporated Memorandum of Law.

Respectfully submitted this the 2nd day of April, 2008.

    \s\ Joseph W. Lewis
JOSEPH W. LEWIS (LEW 048)
JOHN E. BYRD (BYR 005)
Attorneys for Plaintiff
P.O. Box 536
Dothan, Alabama  36302
(334) 794-0759
(334) 792-0163 fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using Alafile system, which will send electronic notification of such filing to the following or I will send in the US mail if not electronically mailed:

**Honorable Mieke A. Hemstreet
First Commercial Bank Building
800 Shades Creek Partway, Suite 870
Binningham, Alabama 35209**

**Honorable David Block
One Biscayne Tower
2 Biscayne Blvd., Suite 3500
Miami, Florida 33131**

\s\ Joseph W. Lewis
JOSEPH W. LEWIS (LEW 048)
JOHN E. BYRD, JR. (BYR 005)
Attorneys for Plaintiff