IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVELYN FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  1:08-CV-154-SRW |
| ) | |
| STERLING JEWELERS, INC., A ) | |
| CORPORATION, OTHERWISE ) | |
| IDENTIFIED AS KAY JEWELERS, ) | |
| LOCATION NUMBER 271, DOTHAN ) | |
| ALABAMA, AMY GOLDEN, ) | |
| ROBYNEE KNEW, JOHN DOE, ) | |
| RICHARD ROE, et al., ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY PROCEEDINGS AND COMPEL UTILIZATION OF THE RESOLVE PROGRAM WHICH INVOLVES BINDING ARBITRATION AND INCORPORATED MEMORANDUM OF LAW**

Defendants Sterling Jewelers, Inc. ("Sterling"), Amy Golden, and Robynne Knew (collectively referred to as "Defendants"), by and through their undersigned counsel, submit this Reply in support of its Motion to Stay Proceedings and Compel Utilization of the Resolve Program Which Involves Binding Arbitration and Incorporated Memorandum of Law:

I. **Preliminary Statement**

On March 12, 2008, the Defendants filed a Motion to Stay Proceedings and Compel Utilization of the Resolve Program Which Involves Binding Arbitration

and Incorporated Memorandum of Law. In its motion, the defendants assert that the Court should stay the current proceedings and compel the plaintiff to arbitrate her claims alleged in the above-referenced action. The defendants submitted admissible evidence and legal authority establishing that Sterling has a binding and mandatory Alternative Dispute Resolution program ("RESOLVE") and that Freeman clearly agreed to the terms of this program.[1] Defendants' motion further establishes that the plaintiff's claims are covered under the terms of Sterling's mandatory ADR program, and therefore, the plaintiff should be compelled to arbitrate her claims rather than proceed in a judicial forum.

On April 3, 2008, the plaintiff filed a response to the defendants' motion. Freeman contends that under Alabama law there is no valid agreement to arbitrate. More specifically, the plaintiff argues that the terms of the RESOLVE program do not constitute an offer but merely were "general statements of policy." Plaintiff also contends that her participation in Steps 1 and 2 of Sterling's RESOLVE Program did not manifest her assent to RESOLVE, but rather were efforts at settlement. As set forth in detail below, neither of these arguments has any factual or legal basis. Consequently, this Court should stay the current proceedings and mandate that the plaintiff arbitrate her claims.

---

[1] Plaintiff, in contrast, did not proffer any evidence (in the form of an affidavit or document) supporting her contentions that she did not agree to participate (or be bound by RESOLVE), that her participation in Steps 1 and 2 were merely settlement discussions (which they were not), or that any fact asserted by the defendants is in dispute.

## II. Analysis

### A. The Terms of Sterling's RESOLVE Program are Clear and Unequivocal and Not Merely Statements of General Policy.

The plaintiff, albeit indirectly, concedes that a signature is not required to have an enforceable arbitration agreement.[2] Rather, the plaintiff contends that the principles of Hoffman-La Roche, Inc. v. Campbell, 512 So. 2d 725 (Ala. 1987) apply. In Hoffman, the court held that the terms in an employee handbook could create a binding unilateral contract provided the language contained in the handbook is specific enough to constitute an offer, the offer was communicated to the employee through the handbook, and the employee accepted the offer by remaining employed after he/she had become generally aware of the offer. 512 So. 2d at 735. Although the plaintiff cites no legal authority for it, she contends that the Hoffman analysis is applicable to cases involving unsigned arbitration agreements such as the one here.[3]

---

[2] It is well-settled that the FAA only requires that arbitration agreements be in writing and does not require that they be signed to be enforceable. See Stiles v. Home Cable Concepts, Inc., 994 F. Supp. 1410, 1416 (M.D. Ala. 1998) ("The FAA has no separate requirement of a signed arbitration clause . . . . a written agreement to arbitrate need not be signed by the parties as a prerequisite to the enforcement of the agreement.")(internal quotations and citations omitted).

[3] In the case at bar, the terms of the RESOLVE program are intentionally excluded from its employee handbook, as Sterling's handbook states that it is not a contract. In contrast, the RESOLVE program, which is a completely separate document, states that it is binding on the employee and Sterling.

The <u>Hoffman</u> court stated that "[w]hether a proposal is meant to be an offer for a unilateral contract is determined by the outward manifestations of the parties, rather than by there uncommunicated beliefs." <u>Hoffman</u>, 512 So. 2d at 734. Here, the parties' outward manifestations <u>clearly</u> indicate that the RESOLVE Program was an offer. First, Sterling had mandatory employee meetings when it implemented the program at which time it discussed and distributed written materials stating the terms of the program. Significantly, plaintiff does not dispute RESOLVE's terms or the fact that the program was discussed and distributed to her. Second, Sterling displayed posters in the stores reiterating the program's mandatory nature. Again, plaintiff does not dispute this fact. Third, the plaintiff remained employed for <u>eight</u> years after learning about the program. Yet again, plaintiff offers nothing to contest this. Fourth and significantly, she participated in the first two steps of RESOLVE after her termination and prior to filing her lawsuit. Based on these outward manifestations, one can only conclude that the RESOLVE program was a clear and unequivocal offer and not merely a general statement of policy. Therefore, the plaintiff's claims, even according to the very authority upon which she relies, should be compelled to arbitration.

Moreover, in her reply, the plaintiff mischaracterizes the facts. The plaintiff completely ignores the obvious fact that Sterling's ADR program is a multi-page, detailed document explicitly setting out the various phases of the RESOLVE

program.  In addition to the clear statements that the plaintiff cites in her brief (i.e. that it is "a mandatory and binding program," that "it is applicable to all current and future employees," and that "all employees are required to use the program"), the program specifically explains what is required at each of the program's three phases, the precise procedures that are to be followed during the each of these phases, the rules that will govern any proceedings, as well as the program's benefits.  Furthermore, it plainly states (which plaintiff neglects to mention) that "arbitration is the final step [and] [n]either party may file a lawsuit instead of using the RESOLVE program or accepting the Arbitrator's final decision."  Thus, the program, when viewed in its entirety, the program cannot possibly be viewed as "tepid" or "cursory" as the plaintiff contends.

The plaintiff also fails to cite any legal authority to suggest that the RESOLVE program is <u>not</u> sufficient to constitute an offer.[4]  Rather, she simply states, in a conclusory manner, that because the language in Sterling's RESOLVE program is not identical to that in the <u>Caley</u> or the <u>Mack</u> case, which the defendants cite in their initial memorandum, the terms of the RESOLVE program

---

[4] Defendants, however, in their initial memo cite numerous cases involving the very same program at issue here.  The plaintiff has failed to offer anything in response.  In those cases, the courts determined that an offer existed and the plaintiff accepted the defendant's offer through their continued employment. <u>See</u> <u>Hyde v. Sterling Jewelers, Inc.</u>, 2006 U.S. Dist. LEXIS 81755 (N.D. Ohio); <u>Johns v. Sterling Jewelers, Inc.</u>, 2006 U.S. Dist. Lexis 91808 *3-4 (E.D. Mich. 2006).

are merely general statements of policy.[5] Plaintiff's argument is not compelling as Alabama courts routinely have concluded that terms and/or policies that are sufficiently less specific than those at issue here constitute an offer under Hoffman.

For example, in Ex parte Graham, 702 So.2d 1215 (Ala. 1997), the Alabama Supreme Court held that the termination and disciplinary provisions in the employer's manual, when read in their entirety, were quite specific and were sufficient to constitute an offer. The Court made this determination despite the discretionary language in the document and its statement that some of its contents were "recommendations" while "others [were] Agency and legal requirements." 702 So.2d at 1219-20.[6] Nowhere in Sterling's policy do the words "recommendations," "guidelines," or other comparable terms exist. In fact, Sterling's RESOLVE program is even more specific and unequivocal than that in Ex parte Graham. The program unambiguously states that it is "mandatory and

---

[5] The plaintiff seemingly argues that nothing short of the exact arbitration program language used by the employer in Caley or Mack will suffice. This reading of Caley and Mack, on its face, is incorrect and unsupported by even dicta in those cases. Defendants maintain that Sterling satisfied all the applicable criteria for creating a binding agreement. The defendants have proffered evidence to this end and have articulated the facts upon which they rely. Conversely, the plaintiff fails to state what she believes Sterling did not do, or explain why this unarticulated deficiency somehow renders Sterling's agreement unenforceable.

[6] See also Ex parte Amco Fabrics and Fibers Co., 729 So. 2d 336, 339-40 (Ala. 1998) (holding that the employer's layoff/ reduction-in-force policy providing that "whenever it is necessary to reduce the number of employees within a job classification the employee within that classification with the least job seniority will be reduced from that job" was sufficient to constitute an offer.); Amco Fabrics and Fibers Co. v. Hilson, 669 So. 2d 832, 835 (Ala. 1995) (finding that the company's vacation policy stating that all regular employees were eligible for paid vacation based on their continuous years of service was sufficiently clear and specific to constitute an offer regarding vacation pay).

binding" and that "neither party may file a lawsuit instead of using the RESOLVE program…." And as discussed in more detail below, Sterling is contractually bound to the peer review panel's determination; only the employee has the right to arbitrate if he/she is dissatisfied with the panel's decision. Therefore, Sterling's ADR program clearly exceeds what Alabama courts have deemed sufficient to create an offer in a unilateral contract.

>    B.   <u>Plaintiff's Contention that She is Not Bound by the Terms of RESOLVE are not Supported by Law or Fact</u>.

The plaintiff's argument that she did not assent to the terms of Sterling's ADR program is even less convincing. It is well-settled that under Alabama law an employee's continued employment after becoming aware of his/her employer's offer indicates that he/she has accepted the terms of that offer. <u>See</u> <u>Hoffman</u>, 512 So. 2d at 734; <u>see</u> <u>also</u> <u>Ex parte Amco Fabrics and Fibers Co.</u>, 729 So. 2d at 339 ("By continuing their employment, the employees would supply the remaining elements of a unilateral contract, acceptance and consideration."). Here, it is undisputed that the plaintiff was well-advised of the RESOLVE program and its terms. It is further undisputed that she remained employed for approximately <u>eight years</u> after Sterling implemented RESOLVE and she became aware of its terms. Thus, the plaintiff's continued employment after she was made aware of the program plainly establishes that she assented to the terms of RESOLVE, including binding arbitration.

Even if her continued employment did not constitute acceptance of the offer (which it undoubtedly does), Freeman agreed to the RESOLVE's terms when she initiated and participated in Step 1 <u>and</u> Step 2 of the RESOLVE program.[7] Alabama law provides that "[c]onduct of one party to a contract from which the other may reasonably draw an inference of assent to an agreement is effective as acceptance." <u>Lanier Worldwide, Inc. v. Clouse</u>, 875 So.2d 292, 296 (Ala. 2003). Here, the evidence undeniably shows that the plaintiff assented to the terms of RESOLVE. In accordance with the provisions of the program, the plaintiff submitted a Step 1 claims form at which time Sterling reviewed her claims and issued a response. Apparently unhappy with the outcome, the plaintiff then submitted a Step 2 claims form—again in accordance with RESOLVE's terms. She also requested to have a peer panel (which is allowed under RESOLVE) to review her claims. She even further participated in Step 2 of the process by responding to the panels questions. Certainly, plaintiff's conduct was consistent with the terms of the RESOLVE program. Consequently, under Alabama law Freeman cannot possibly claim that she did not assent to its terms.

Freeman attempts to argue that her participation the first two phases of RESOLVE was merely an effort to settle the case. This contention is unsupported by the facts. As an initial matter, the plaintiff fails to submit an affidavit, point to

---

[7] At the time plaintiff participated in Steps 1 and 2, she was represented by counsel.

any language in the RESOLVE program, or otherwise direct the court to <u>any</u> evidence to support this argument.  Moreover, <u>absolutely</u> <u>nothing</u> about the plaintiff's behavior is consistent with this assertion.  The plaintiff, through her counsel, sent multiple letters to Sterling—none of which state that they are for settlement or even reference settlement.  Additionally, the plaintiff submitted a Step 1 and a Step 2 claims form.  Such action is not even remotely indicative of settlement.  To the contrary, a reading of plaintiff's Step 1 and Step 2 claim forms reveal that she was "litigating" her claims.  Further, the plaintiff argued her case before a peer panel (rather than utilizing mediation) in compliance with the terms of RESOLVE.  Clearly, mediation is more indicative of the parties' intent to settle; peer review evidences her intent to have the merits of the claim heard and ruled upon; mediators generally do not make rulings.  In addition, had the plaintiff prevailed before the peer panel, Sterling would have been bound by the outcome. A mediator does not have the authority to bind a party. These facts not only fail to support the plaintiff's argument but they contradict it.

Finally, plaintiff's participation in the RESOLVE program not only establishes that she assented to the offers but that she has waived her right to litigate her claims.  As an initial matter, it is well-established that "waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate." <u>Ivax Corp. v. B. Braun of America, Inc.</u>,

286 F.3d 1309, 1316 (11th Cir. 2002); Paragon Limited, Inc. v. Boles, 2007 LEXIS 278 *7 (Ala. 2007)("It is well-settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration.")(citing Companion life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala.1995)).  Similarly, courts have held that a party who pursues arbitration cannot later seek to litigate his claims.  See Nghiem v. NEC Electric, Inc., 23 F.2d 1439, 1440 (9th Cir. 1994) (holding that "[o]nce a claimant submits to the authority of the arbitrator and pursues arbitration, he cannot suddenly change his mind and assert lack of authority. . . . "[the employee's] voluntary initiation of arbitration can be interpreted as waiver of any objection he may have had over the authority of the arbitrator."); Mays v. Lanier Worldwide Inc., 115 F.Supp. 2d 1330, 1344 (M.D. Ala. 2002) (stating that parties should not be permitted to engage in the arbitration process and then "seek a second chance" in court).  These courts have reasoned that to allow a party to participate in the arbitration process and then later attempt to litigate their claims is unjust and unreasonable and that the party "cannot have his cake and eat it too."  115 F.Supp. 2d at 1343.

  This same waiver principle should apply to this case.  The plaintiff should not be allow initiate and pursue her claims through the employer's ADR process and then "suddenly change [her] mind" and pursue her claims in court.  This is

particularly true here as Step 2 of Sterling's RESOLVE program is <u>binding</u> on Sterling if the peer panel rules in the employee's favor.  Consequently, allowing the plaintiff to now pursue her claims in court after she has participated in the first two steps of RESOLVE (the second of which would have been binding on Sterling if it had lost), would be to permit the plaintiff "to have her cake and eat it too." Additionally, Sterling paid for time and travel of the peer panel as well as other expenses and to now <u>start</u> the litigation process after incurring these expenses prejudices Sterling.  For this reason alone, the plaintiff should be compelled to arbitrate her claims.

### III.  <u>CONCLUSION</u>

Based on the above response and Defendants' Motion to Stay Proceedings and Compel Utilization of the RESOLVE Program Which Involves Binding Arbitration and Incorporated Memorandum of Law, the Court should stay all proceedings and compel Plaintiff's utilization of the RESOLVE Program.

DATED this 14th day of April 2008.

<u>/s/ Mieke A. Hemstreet</u>
Mieke A. Hemstreet (ASB-9100-I69H)
JACKSON LEWIS LLP
First Commercial Bank Building
800 Shades Creek Parkway
Suite 870
Birmingham, Alabama  35209
Telephone:   205-332-3115
Facsimile:   205-332-3131
e-mail:   hemstrem@jacksonlewis.com

>David E. Block (FSB-108820)
>(Admitted Pro Hac Vice)
>JACKSON LEWIS LLP
>One Biscayne Tower
>2 Biscayne Blvd., Suite 3500
>Miami, Florida  33131
>Telephone:  305-577-7600
>Facsimile:  305-373-4466
>e-mail:  blockd@jacksonlewis.com
>
>***Attorneys for Defendants, Sterling Jewelers, Inc., Amy Golden and Robynne Knew***

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by U.S. Mail and/or electronically on this the 14th day of April, 2008 to the following counsel of record:

John E. Byrd, Esq.
Joseph W. Lewis, Esq.
P.O. Box 536
Dothan, Alabama  36302
***Attorneys for Plaintiff, Evelyn Freeman***

>*/s/ Mieke A. Hemstreet*
>Of Counsel